```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
```

|                              |   |                           |
|------------------------------|---|---------------------------|
| ALLSTATE INSURANCE COMPANY   | : |                           |
|                              | : |                           |
| v.                           | : | Civil Action No. 18-2285  |
|                              | : |                           |
| CRYSTAL TANNER, et al.       | : |                           |

**MEMORANDUM OPINION AND ORDER**

Allstate Insurance Co. ("Plaintiff") filed an amended motion for alternative service on December 12, 2018. (ECF No. 18). Plaintiff's amended motion is largely a recitation of the same explanation and request Plaintiff stated in its original motion for alternative service. Plaintiff states that it hired Monumental Process Servers to serve Crystal Tanner ("Defendant Tanner"), the sole remaining unserved Defendant named in this case. (ECF No. 18 ¶ 3). The company was unsuccessful in its attempts to serve Plaintiff in person at three prior addresses or via certified mail, restricted delivery. The company also conducted an unfruitful "skip trace" to identify Defendant Tanner's current address. (*Id.* ¶¶ 5-8). Due to Defendant Tanner's purportedly unknown whereabouts, Plaintiff again moves to serve Avalon S. Brandt ("Ms. Brandt") on behalf of Defendant Tanner. Ms. Brandt represents Defendant Tanner in *Crystal Tanner v. N.B.S., Inc., et al.*, No. 24C17000975 (Balt. City. Cir. Ct.), an underlying case for lead

paint exposure before the Circuit Court for Baltimore City.  Ms. Brandt "indicated that she will not accept service on behalf of Defendant [] Tanner."  (*Id.* ¶ 12).  Nevertheless, Plaintiff presumes that serving Ms. Brandt is reasonably calculated to give Defendant Tanner actual notice because "[a]s counsel for Defendant [] Tanner, Ms. Brandt must have contact with Defendant [] Tanner." (ECF No. 18, at 3).

    Fed.R.Civ.P. Rule 4(e)(1) provides, in pertinent part, that an individual may be served "pursuant to the law of the state in which the district court is located."  Maryland Rule 2-121(c), in turn, provides that when presented with an affidavit stating that good faith efforts to serve an individual defendant in accordance with Maryland Rule 2-121(a) have failed and service under Maryland Rule 2-121(b) is impracticable, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."  In order to pass constitutional muster, such notice "is that which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Indeed, Maryland Rule 2-121(c)—as the law of the state in which this court sits—"may be resorted to, subject

only to the constitutional requirement[] . . . that the means used by the plaintiff be reasonably calculated to give the defendant notice of the proceedings and an opportunity to be heard." 4B Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 1115 (2002).

Plaintiff's affidavit and supporting documents demonstrate that Plaintiff has been unable to serve Defendant Tanner in accordance with Rule 2-121(a). The docket of the underlying case in which Ms. Brandt represents Defendant Tanner indicates that the parties participated in active discovery until late November 2018 and are now preparing for trial.[1] *See* Maryland Judiciary Case Search, *Crystal Tanner v. N.B.S., Inc., et al.*, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=24C17000975&loc=69&detailLoc=CC. Based on this activity, it appears that Ms. Brandt is in contact with Defendant Tanner and serving Ms. Brandt is reasonably calculated to give Defendant Tanner actual notice. *See, e.g., Fematt v. City of Chicago*, 2011 WL 2415340 (N.D. Ill. June 10, 2011). However, in light of Ms. Brandt's refusal to accept service on behalf of Defendant Tanner, Plaintiff's request for alternative service will be granted with

---

[1] The court may take judicial notice of the records of a state court. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of matters of public record and other information that, under Federal Rule of Evidence 201, constitute adjudicative facts.") (internal quotations omitted).

the caveat that Ms. Brandt may file a motion to quash if service upon her will not provide actual notice to Defendant Tanner.

Accordingly, it is this 28th day of January, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for alternative service (ECF No. 18) BE, and the same hereby IS, GRANTED;

2. Plaintiff may serve Defendant Crystal Tanner by sending a copy of the complaint, summons, civil cover sheet, and a copy of this Order to Plaintiff Crystal Tanner, c/o her counsel of record in *Crystal Tanner v. N.B.S., Inc., et al.*, No. 24C17000975 (Balt. City. Cir. Ct.), Avalon S. Brandt, with the law offices of Evan K. Thalenberg, P.A., 216 East Lexington Street, Baltimore, MD, 21202 via certified mail, restricted delivery;

3. The Clerk is DIRECTED to transmit a copy of this Order to counsel of record.

                                        /s/
                                DEBORAH K. CHASANOW
                                United States District Judge